UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMARA T. KING, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>GENERAL INFORMATION SERVICES, INC.,<br><br>              Defendants. | Case No.: 2:10-cv-06850-PBT |

## ORDER

For Good Cause Shown, it is hereby

ORDERED that Defendant's Partial Motion to Dismiss, is hereby GRANTED.

So ORDERED, this ___ day of _____, 2011.

 

_____
Hon. Petrese B. Tucker
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMARA T. KING, on behalf of herself and all others similarly situated,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>GENERAL INFORMATION SERVICES, INC.,<br>　　　　　　　Defendants. | Case No.: 2:10-cv-06850-PBT |

## DEFENDANT'S PARTIAL MOTION TO DISMISS, WITH SUPPORTING MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant General Information Services, Inc. ("GIS") hereby moves to dismiss that portion of the Complaint of Plaintiff Shamara T. King ("Plaintiff" or "King") that asserts a cause of action under 15 U.S.C. § 1681k. In support of its motion, GIS submits the following:

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this putative class action on November 23, 2010, alleging that GIS willfully violated certain portions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, when it reported each count of a criminal complaint that was filed against her in 2000.

Specifically, Plaintiff alleges that, in 2000, she was charged with eleven counts of motor vehicle theft. Plaintiff admits that she pleaded guilty to a single count of "criminal conspiracy engaging theft by unlaw [*sic*] taking movable property," but alleges that the other ten counts were *nolle prossed*. Compl. ¶¶ 24-26. Plaintiff admits she was sentenced to three years probation as a result of the conviction. *Id.* ¶ 25.

Plaintiff applied for employment with the U.S. Postal Service ("USPS") in 2010, and a background check was ordered from GIS. *Id.* ¶¶ 27-28. GIS, serving in its role as a consumer reporting agency, provided the USPS with the complete record relating the 2000 conviction, including information regarding the *nolle prossed* charges and the charge on which Plaintiff was convicted. *Id.* ¶¶ 29-30.

Plaintiff does not argue that the information provided by GIS was inaccurate, incomplete, or not up to date. Rather, Plaintiff argues that the counts that were *nolle prossed* constitute "adverse information" that the FCRA prohibits from being reported because they antedate the report by more than seven years, in violation of section 1681c of the FCRA, and that GIS failed to undertake the requisite precautions before reporting the outdated adverse information, in violation of section 1681k. *See generally* Compl. ¶ 1 (summarizing Plaintiff's causes of action as arising out of GIS's alleged "reporting [of] outdated adverse information" and "failure to maintain strict procedures to assure that the outdated adverse information" is not disclosed). With respect to Plaintiff's section 1681k claim in particular, Plaintiff alleges that the reporting of *nolle prossed* charges "are likely to have an adverse effect upon a consumer's ability to obtain employment" and, therefore, GIS was required to "notify consumers contemporaneously of the fact that public record information is being sent to prospective employers," and "maintain strict procedures to assure [*sic*] that the information is complete and up to date." Compl. ¶¶ 41(a), (b). Plaintiff seeks class action status on behalf of several different groups of putative classes, based upon GIS's alleged "willful violation of section 1681k," *id.* ¶ 38, and "willful violation of section 1681c" of the FCRA, *id.* ¶ 39.

2

Because the information reported by GIS was "complete and up to date," and because Plaintiff does not allege that the consumer report provided by GIS contained any inaccurate information, GIS moves to dismiss those claims brought pursuant to 1681k of the FCRA.

## ARGUMENTS AND CITATIONS TO AUTHORITY

**I.     Standard Of Review**

"'In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law.'" *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (quoting *Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). Thus, "'[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Santiago v. Warminster Twp.*, No. 10-1294, 2010 WL 5071779, *3 (3d Cir. Dec. 14, 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Plaintiff has not alleged sufficient facts to make its section 1681k claim "plausible on its face," it should be dismissed.

**II.    Plaintiff Does Not State A Claim Under Section 1681k**

    **A.    Section 1681k Obligates A Credit Reporting Agency To Either Provide Contemporaneous Notification Or Maintain Strict Procedures**

Section 1681k of the FCRA states as follows:

> A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall--
>
> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record

3

information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; *or*

(2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k(a) (emphasis added).[1]

A plain reading of the statute makes it clear that a consumer reporting agency can *either* provide the consumer with contemporaneous notification of the report, *or* "maintain strict procedures designed to insure that whenever public record information … is reported it is complete and up to date." 15 U.S.C. § 1681k. *See Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 417 (4th Cir. 2001) ("When a consumer reporting agency furnishes such a report, *it is obligated to do one of two things*. The agency must *either* notify the consumer at the time the report is transmitted to the user *or* maintain strict procedures designed to ensure that the information is complete and up to date.") (emphasis added, internal quotations omitted). Plaintiff thus incorrectly characterizes the obligations set forth in sections 1681k(1) and 1681k(2) as being dual requirements. *See* Compl. ¶ 11 (describing § 1681k(a)(1)) & ¶ 12 ("A [credit reporting agency] is *also* required to …") (emphasis added). This is plainly an incorrect reading of the statute. *Dalton*, 257 F.3d at 417.

---

[1] GIS admits for purposes of this motion that it is a "consumer reporting agency" that "furnishe[d] a consumer report for employment purposes" to the USPS, and, in doing so, "compile[d] and report[ed] items of information on [Plaintiff] which are matters of public record." *Id.* Further, and for purposes of this motion only, GIS will assume *arguendo* that reporting the individual counts contained in Plaintiff's criminal complaint that did not result in a conviction, including those that were *nolle prossed*, is "likely to have an adverse effect upon a [Plaintiff's] ability to obtain employment." *Id.*

4

GIS concedes that it does not provide contemporaneous notification to consumers under section 1681k(a)(1) and, therefore, must "maintain strict procedures" to provide "complete and up to date" public record information under section 1681k(a)(2). GIS submits that the factual record would demonstrate that it does in fact "maintain strict procedures," and, therefore, on the merits, is not liable under section 1681k. Nevertheless, Plaintiff's section 1681k claim suffers a more fundamental defect, which should be addressed at this early stage. Specifically, Plaintiff alleges no facts plausible on their face under which one could conclude that the information provided by GIS was not "complete and up to date," as required to state a claim under section 1681k(a)(2).

### B. The Public Record Information Provided By GIS Was "Complete And Up To Date"

Plaintiff's Complaint contains a single allegation regarding the alleged impropriety of the information provided by GIS in the report furnished to the USPS. Specifically, Plaintiff alleges that "[t]he report improperly disclosed the ten *nolle prossed* charges." Compl. ¶ 30. This single occurrence forms the basis for the remaining allegations contained in the Complaint.[2] Plaintiff does not allege, however, that the report provided by GIS contained inaccurate information regarding these counts or the single count of conviction, that the information was not complete, or that the report did not contain the "current public record status" of the item. Put simply,

---

[2] That the alleged improper reporting of outdated or obsolete adverse information is the focus of Plaintiff's Complaint cannot be disputed. *See* Compl. ¶¶ 1 (alleging that GIS reported "outdated adverse information" and failed to "maintain strict procedures to assure that the outdated adverse information" was not reported), 16 (alleging that GIS "sells adverse items of information, including records of arrests, which predate the consumer report by more than seven years"), 18 (alleging that GIS "regularly and unlawfully reports outdated criminal arrest records"), 20 (discussing "the reporting of outdated adverse information"), 21 (same), 31 (alleging that GIS should have know "that it was no longer appropriate to report the outdated arrest record"), 33 (alleging that GIS "knowingly and recklessly reported the outdated adverse information"), and 35 (alleging that GIS's acts have affected others for whom "outdated adverse information" was reported).

5

Plaintiff's sole argument is that the *nolle prossed* charges should not have been reported along with the conviction because they "antedate[] the report by more than seven years" under section 1681c(a)(5).

For purposes of a claim brought under section 1681k, however, there is no liability associated with the reporting of, in Plaintiff's words, "outdated" adverse information, *i.e.*, records of arrest that antedate the report by more than seven years. The focus of section 1681k, rather, is on providing "complete and up to date" information. The statute thus ensures that consumer reporting agencies are not reporting information that has been superseded through the occurrence of intervening events, such as a dismissal. This is made explicit by the terms of the statute itself, which states that "items of public record relating to arrests, indictments, convictions … shall be considered up to date if the current public record status of the item at the time of the report is reported." 15 U.S.C. § 1681k(a)(2).

As shown above, Plaintiff has not alleged that the information provided by GIS did not disclose "the current public record status of the item at the time of the report is reported." Nor has Plaintiff alleged that the information was not "complete." If anything, Plaintiff alleges the opposite: that the report was *too* complete. But section 1681k does not prohibit over-completeness. As one court has noted,

> a finding that there is no liability for the disclosure of publicly available records is more consistent with the FCRA's principles of truthful reporting than would be a judicially mandated policy requiring agencies such as Choicepoint to accurately interpret unsettled issues of state law, or holding those agencies liable for their customer's inaccurate interpretations of similar legal questions.

*Obabueki v. Choicepoint, Inc.*, 236 F. Supp. 2d 278, 284 (S.D.N.Y. 2002) (granting defendant's motion for judgment as a matter of law on plaintiff's claims under sections 1681e(b) and

6

1681k).[3] Because Plaintiff's Complaint does not allege that the information provided by GIS was not "complete and up to date," or assert any factual allegations that would make such a claim "plausible on its face," Plaintiff's section 1681k claim must be dismissed.

### C. The Public Record Information Provided By GIS Was Accurate

Separate and apart from Plaintiff's failure to allege facts upon which it would be plausible to believe that GIS did not provide information that was "complete and up to date," Plaintiff has also not alleged that the information reported by GIS was inaccurate, which is a threshold requirement for bringing a claim pursuant to section 1681k.

There is a dearth of case law interpreting section 1681k. *Obabueki v. Int'l Bus. Machines Corp.*, 145 F. Supp.2d 371, 396 (S.D.N.Y. 2001) ("As far as this Court can tell, no court has had occasion to analyze the provisions of Section 1681k in the context of a claim brought pursuant to that section"). Thus, those courts that have interpreted that section have analogized to claims brought under section 1681e(b) to determine whether a credit reporting agency is liable under section 1681k. *Id.*[4]

---

[3] In *Choicepoint*, the consumer reporting agency, Choicepoint, initially provided an employer with a report that indicated that the plaintiff-employee had entered a plea of *nolo contendere* to a misdemeanor charge of committing fraud in obtaining public assistance, but failed to indicate that the conviction was later set aside and dismissed. This is exactly the type of claim that section 1681k contemplates. In *Choicepoint*, however, Choicepoint later submitted a revised report that included the dismissal. The "unsettled issues of state law" concerned whether the dismissal order required Choicepoint to provide a report that listed no convictions. The court held that the FCRA did not require the consumer reporting agency to undertake such analysis, but rather merely provide complete and up to date information, which it did through the second report. 236 F. Supp. 2d at 283-285.

[4] Section 1681e(b) "regulates the preparation of consumer reports in general," while section 1681k concerns consumer reports in the employment context. *Dalton*, 257 F.3d at 417. And compared to section 1681e(b), section 1681k "creates heightened standard for procedures used to collect information for employment purposes." *Id.*

7

The threshold inquiry when analyzing compliance with section 1681e(b) claims is determining whether "inaccurate information was included in a consumer's credit report." *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010) (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)). Thus, when analyzing claims brought under section 1681k, courts have concluded that that "[t]he logical starting point for an analysis ... is whether the information provided was complete and up to date. If this is so, then an inquiry into the agency's procedures is unnecessary." *Int'l Bus. Machines*, 145 F. Supp. 2d at 396 (citing *Boothe v. TRW Credit Data*, 768 F. Supp. 434, 437 (S.D.N.Y. 1991) (analyzing a section 1681e(b) claim and noting that "the threshold question ... is whether the challenged credit information is inaccurate. If the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary"); *McPhee v. Chilton Corp.*, 468 F. Supp. 494, 497 (D. Conn. 1978) (noting that for purposes of a section 1681e(b) claim, "accuracy of the final product forecloses inquiry into the reasonableness of the procedures used to produce the report")).

The case of *Haro v. Shilo Inn*, Civ. No. 08-6306-AA, 2009 WL 2252105 (D. Or. July 27, 2009), is further instructive on this point. There, defendant ERS submitted a background verification report to an employer, which accurately disclosed that the employee-plaintiff was charged with failing to register as a sex offender and also accurately disclosed that the charge was dismissed one month later. The plaintiff brought claims under sections 1681e(b) and 1681k. With respect to plaintiff's section 1681k claim, the court noted that the plaintiff did "not contest the accuracy of the information ERS obtained," but rather argued that the report was

8

"incomplete" because it did not provide the reason for the dismissal of the charge.[5] The court rejected this interpretation of section 1681k, holding that "absent a showing that the information obtained ... was inaccurate or incomplete by omitting final disposition of the charge, plaintiff's claim under § 1681k(a) must fail." *Id.*, at *3.

The same result is required here. Plaintiff has not alleged that the report provided by GIS was inaccurate. Nor has Plaintiff alleged that the report was "incomplete" for failure to omit the final disposition of her charges. Rather, Plaintiff admits that the report provided by GIS accurately reported the charges brought against her in 2000 and the final disposition of each count. Compl. ¶ 33. Because the Complaint does not allege the requisite facts, Plaintiff's claim under section 1681k "must fail." *Id.*

---

[5] The charge was dismissed, it was alleged, because of "mistaken identity, *i.e.*, plaintiff was not the offender." *Id.* at *1.

9

## CONCLUSION

For the foregoing reasons, Defendant General Information Services, Inc. respectfully requests that the Court grant its motion and dismiss Plaintiff's claims brought under section 1681k of the Fair Credit Reporting Act.

Respectfully submitted this 24th day of January, 2011.

_____
Allen R. Bunker
Pennsylvania Bar No.
Comeau & Bunker
Four Penn Center, Suite 500
1600 JFK Boulevard
Philadelphia, Pennsylvania 19103
Telephone: 215-268-7786
Facsimile: 215-569-0284

*Attorney for Defendant General Information Services, Inc.*

USADMIN 9585937.1

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMARA T. KING, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>GENERAL INFORMATION SERVICES, INC.,<br><br>　　　　　　　　　Defendants. | Case No.: 2:10-cv-06850-PBT |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing "DEFENDANT'S PARTIAL MOTION TO DISMISS, WITH SUPPORTING MEMORANDUM OF LAW" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record:

DAVID A. SEARLES
DONOVAN SEARLES, LLC
1845 WALNUT ST.
STE 1100
PHILADELPHIA, PA 19103
215-732-6067
Fax: 215-732-8060
Email: dsearles@donovansearles.com

**JAMES A. FRANCIS**
**JOHN SOUMILAS**
FRANCIS & MAILMAN, PC
LAND TITLE BLDG 19TH FL
100 S. BROAD ST
PHILADELPHIA, PA 19110
215-735-8600
Fax: 215-940-8000
Email: jfrancis@consumerlawfirm.com

This 24th day of January, 2011.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Allen R. Bunker, Esq.
　　　　　　　　　　　　　　　　　　　Counsel for Defendant General Information Services, Inc.