UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMARA T. KING,<br>on behalf of herself and all others<br>similarly situated<br><br>     Plaintiff,<br>vs.<br><br>GENERAL INFORMATION SERVICES, INC.,<br><br>     Defendant. | C.A. No. 10-6850<br><br>CLASS ACTION<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a consumer class action based upon Defendant's willful violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). Plaintiff brings this action on behalf of thousands of employment applicants throughout the country who have been the subject of unfair, prejudicial, misleading and illegal background reports performed by the Defendant and sold to employers. Defendant has adopted and maintained a policy and practice of knowingly, intentionally, recklessly and willfully reporting outdated adverse public record information that is required to be excluded from the consumer reports that it sells.

The prejudice caused by the erroneous reporting of outdated adverse public record information is exacerbated by Defendant's failure to notify the consumer contemporaneously of the fact that the erroneous outdated information is being sent to an employer or prospective employer, and Defendant's failure to maintain strict procedures to insure that adverse information it reports is accurate, complete and up to date and that outdated adverse public record information is removed from its reports.

As a result, consumers who are entitled to receive copies of their credit files from Defendant pursuant to section 1681k of the FCRA are deprived of full disclosure, and unable to adequately verify and/or dispute the information that Defendant is selling to employers. Defendant's practice harms consumers seeking employment by prejudicing their prospective employers with outdated, adverse information, and also harms interstate commerce as a whole.

## II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.    PARTIES

4. Plaintiff Shamara T. King is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 4736 Rorer Street, Philadelphia, Pennsylvania 19120.

5. Defendant General Information Services, Inc. ("GIS") is a foreign corporation doing business throughout the United States, including in Philadelphia County, Pennsylvania. GIS has headquarters located at 917 Chapin Road, Chapin, South Carolina 29036-8875.

## IV.    FACTUAL ALLEGATIONS

### A.    Defendant's Practices As A Consumer Reporting Agency And Furnisher Of Consumer Reports For Employment Purposes

6. At all times pertinent hereto, Defendant was a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

7. At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by section 1681a(c) of the FCRA.

8. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer reports by CRAs, including public record information.

9. Defendant investigates and reviews public record databases and maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

10. From its files, Defendant sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants. According to its website, "GIS has 44 years of experience and serves thousands of customers nationwide, from small business to Fortune 100 companies, by providing comprehensive national and international background screening solutions, talent acquisition solutions, and industry specific services." *See* www.gis-background.com/newsevents.aspx?article=41.

11. When a CRA furnishes a consumer report for employment purposes, and compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment, the CRA, at the time the public record information is reported to the user of the consumer report, must notify the consumer of the fact that public record information is being reported by the CRA, together with the name and address of the person to whom such information is being reported. 15 U.S.C. § 1681k(a)(1).

12. Alternatively, a CRA is required to maintain strict procedures designed to assure that whenever public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is reported, that information is complete and up to date. 15 U.S.C. § 1681k(a)(2).

13. When a CRA produces a copy of a consumer's report to the consumer or a third party, the CRA is required to exclude adverse items of information, including records of arrest, which antedate the consumer report by more than seven years. *See* 15 U.S.C. § 1681c(a)(5).

14. Adverse items of information, such as records of arrest which antedate the consumer report by more than seven years, may be included in a consumer report, but only for consumer reports used in connection with the employment of any individual at an annual salary which equals, or which may be reasonably expected to equal $75,000, or more. *See* 15 U.S.C. § 1681c(b)(3).

16. Despite these clear and unambiguous requirements of the FCRA, Defendant sells adverse items of information, including records of arrest, which predate the consumer report by more than seven years, before Defendant knows or would have any reason to know that the consumer credit report is being used in connection with the employment of an individual who meets the FCRA salary threshold requirement of an annual salary of $75,000 or more.

17. Defendant fails to notify the consumer contemporaneously of the fact that public record information is being reported by Defendant. Defendant also fails to maintain strict procedures to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

18. Based upon a common policy and practice, Defendant regularly and unlawfully reports outdated criminal arrest records.

19. Defendant's practice not only violates the FCRA as a matter of law, it exacts serious consequences on consumer job applicants and interstate commerce. When consumers have been reported as having arrest records that are required by law not to be reported, they are viewed as less desirable job applicants and more likely not to be hired by the employers who pay Defendant for such reports.

20. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being properly reported. Pursuant to Defendant's practice, by the time the consumer is made aware of the reporting of outdated adverse information, it is too late

4

to correct the contents of the report because it has already been sold to the employer by the Defendant and has formed the basis of a decision whether to hire the applicant.

21. Despite its duties to notify the consumer contemporaneously of the fact that the outdated adverse information is being sent to the employer, to maintain strict procedures designed to insure that such reported information is complete and up to date and not to disclose outdated adverse information, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards these duties, in violation of the FCRA.

### B. The Experience Of The Representative Plaintiff

22. On or about February 3, 2000, at the age of 19, Ms. King was present in her motor vehicle with her cousin, who was driving, and her cousin's friend, when the motor vehicle was stopped by a policeman in Montgomery County, Pennsylvania.

23. Ms. King's cousin and his friend were charged with and eventually convicted of motor vehicle theft allegedly arising from a series of car thefts from area automobile dealers. On information and belief, both men were sentenced to prison for those activities..

24. Ms. King had no knowledge of the alleged motor vehicle thefts. However, because she was in the presence of the men at the time of the stop of her vehicle, she was arrested and charged with eleven counts of motor vehicle theft arising from the incident.

25. On or about July 26, 2000, Ms. King appeared in the Court of Common Pleas for Montgomery County, Pennsylvania, without the benefit of counsel to represent her. Following a conference with the prosecuting attorney, Ms. King pled guilty to one count of "criminal conspiracy engaging theft by unlaw (sic) taking-movable property." She was sentenced to three years probation.

26. The other ten counts were nolle prossed, meaning that the prosecuting attorney decided not to proceed and the charges were dropped.

27. In or around early 2010 (more than seven years after the nolle prossing of the ten charges in July 2000), Ms. King applied for employment with the U.S. Postal Service.

28. In connection with Ms. King's application, the Postal Service ordered a background check from Defendant

29. Defendant prepared and sold to the Postal Service a background check consumer report on Ms. King.

30. The report was not accurate, complete or up to date. The report improperly disclosed the ten nolle prossed charges; it inaccurately stated a charge date of January 8, 2000; it failed to include the correct arrest date of February 3, 2000 which was contained within the actual public record; and, did not state the Plaintiff's hair color, which the public record disclosed as black.

31. Any preparer of a background check consumer report that maintained strict procedures designed to omit outdated adverse information and assure complete and up to date information would have been aware that it was no longer appropriate to report the outdated arrest record because the arrest record antedated the report by more than seven years; would have not disclosed an inaccurate charge date; would have disclosed the accurate date of arrest and would have disclosed the accurate hair color of the consumer. Nonetheless, with knowledge that the adverse information was outdated as defined by the FCRA, Defendant willfully and recklessly disclosed it anyway. Defendant further, willfully and recklessly, stated an inaccurate charge date, failed to report the accurate date of arrest and failed to report the hair color of the Plaintiff as reflected in the public record.

32. On or about March 4, 2010, Defendant mailed to Ms. King a copy of her consumer report that was earlier sent by Defendant to the Postal Service.

33. The report sent to Plaintiff, and earlier sent to the Postal Service, comprised eight pages and Defendant deliberately, knowingly and recklessly reported the outdated adverse information, an inaccurate charge date, omitted the actual and correct date of arrest and failed to identify Plaintiff's hair color.

34. A CRA's duty under section 1681k to maintain strict procedures to insure that the reporting of public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is accurate, complete, up to date and does not contain outdated adverse information is absolute and not dependent on whether a consumer knows of or disputes outdated adverse or otherwise improperly disclosed information. The requirements of section 1681k have nothing to do with a CRA's duty to reinvestigate disputes under section 1681i. In other words, the FCRA does not require consumers to wait to have outdated adverse public record information reported about them and to then dispute the improper reporting.

35. Defendant's practices and procedures described herein affected not only the Plaintiff but also other applicants for employment who had outdated adverse information that was deliberately, knowingly and recklessly reported by Defendant to prospective employers. By way of example, and not limitation, the FCRA's limitation of reporting adverse arrest record information for no more than seven years, *see* 15 U.S.C. § 1681c(a)(5), requires that a CRA report the actual and correct date of arrest. Such date starts the statutory purge time period. By failing to maintain strict procedures to insure reporting of complete and up to date public record information, Defendant's practices directly conflict with the purposes of the FCRA and result in harm to consumers.

36. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

37. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V.   CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action individually and as a class action for Defendant's willful violation of section 1681k of the FCRA, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

a. All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of an employment consumer report prepared by Defendant which included any adverse criminal or public record (including any judgment of conviction, arrest, bankruptcy, civil judgment or tax lien).

b. All natural persons residing within the jurisdiction of the United States Court of Appeals for the Third Circuit who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of an employment consumer report prepared by Defendant which included any adverse criminal or public record (including any judgment of conviction, arrest, bankruptcy, civil judgment or tax lien).

39. Further, Plaintiff brings this action individually and as a class action for Defendant's willful violation of section 1681c of the FCRA, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

  a. All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of any consumer report prepared by Defendant which included any non-conviction criminal record which antedated the report by more than seven (7) years.

  b. All natural persons residing within the jurisdiction of the Third Circuit Court of Appeals who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of any consumer report prepared by Defendant which included any non-conviction criminal record which antedated the report by more than seven (7) years.

  c. All natural persons residing within the Commonwealth of Pennsylvania who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of any consumer report prepared by Defendant which included any record of a nolle prossed charge which antedated the report by more than seven (7) years.

  40. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers in the hundreds or thousands. Defendant sells criminal record history information to thousands of businesses throughout the country, and their reports to such businesses are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports.

  41. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include:

(a)     Whether the Defendant willfully violated section 1681k of the FCRA by failing to notify consumers contemporaneously of the fact that outdated criminal record information is being sent to prospective employers;

(b)     Whether Defendant willfully violated section 1681k of the FCRA by failing to maintain strict procedures to assure that the information is complete and up to date; and,

(c)     Whether Defendant violated section 1681c of the FCRA by failing to exclude outdated adverse information in its consumer reports.

42.     Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

43.     Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter.  Plaintiff has secured counsel experienced in handling consumer class actions.  Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

44.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

45.     A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly

fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## VI.     COUNT ONE - FCRA

46.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47.     Pursuant to section 1681n of the FCRA, Defendant is liable for willfully violating the FCRA by engaging in the following conduct:

(a)     Failing to notify consumers contemporaneously of the fact that criminal record information is being provided to prospective employers;

(b)     Failing to maintain strict procedures to assure that the adverse information being reported is not out of date; and,

(c)     Failing to exclude outdated adverse information in its consumer reports.

## VII.     JURY TRIAL DEMAND

48.     Plaintiff demands trial by jury on all issues so triable.

## VIII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of herself and the Class for the following relief:

(a)     That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

(b)     That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c)     That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

  (d)  That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n; and

  (e)  That the Court grant such other and further relief as may be just and proper.

Dated: February 14, 2011        Respectfully submitted,

                **DONOVAN SEARLES, LLC**

           By: *s/ David A. Searles*
              David A. Searles
              1845 Walnut Street, Suite 1100
              Philadelphia, PA 19103
              (215) 732-6067

              **FRANCIS & MAILMAN, P.C.**
              James A. Francis
              John Soumilas
              Land Title Building, 19th Floor
              100 South Broad Street
              Philadelphia, PA 19110
              (215) 735-8600

              **COMMUNITY LEGAL SERVICES, INC.**
              Janet F. Ginzberg
              Michael G. Hollander
              1424 Chestnut Street
              Philadelphia, PA  19102
              215-981-3700

              Attorneys for Plaintiff and the Class

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was hand-delivered for filing on this date and that service will therefore be made electronically on the following counsel of record for Defendant:

Allen R. Bunker
COMEAU & BUNKER
Four Penn Center, Suite 500
1600 JFK Boulevard
Philadelphia, PA 19103

Cindy Hanson
John R. Gibson
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528

Dated: February 14, 2011                    *s/ David A. Searles*
                                            David A. Searles