# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMARA T. KING,  )<br>on behalf of herself and all others  )<br>similarly situated  )<br>  )<br>      **Plaintiff,**  )<br>vs.  )<br>  )<br>GENERAL INFORMATION SERVICES, INC.,  )<br>  )<br>      **Defendant.**  )<br>  ) | C.A. No. 10-6850<br><br>CLASS ACTION |

## ORDER

AND NOW, upon consideration of Plaintiff's Motion to Extend Time to Move for Class Certification (the "Motion"), and Defendant's response thereto, and good cause appearing therefore,

IT IS, this ____ day of _____, 2011, HEREBY ORDERED that the Motion is GRANTED. The time for Plaintiff to file her Motion for Class Certification shall be extended to a date thirty (30) days after the close of class discovery.

_____
Petrese B. Tucker, U.S.D.J.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAMARA T. KING,**<br>**on behalf of herself and all others**<br>**similarly situated**<br><br>          Plaintiff,<br>vs.<br><br>**GENERAL INFORMATION SERVICES, INC.,**<br><br>          Defendant. | C.A. No. 10-6850<br><br>**CLASS ACTION** |

## PLAINTIFF'S MOTION TO EXTEND TIME TO MOVE FOR CLASS CERTIFICATION

Plaintiff Shamara T. King, by counsel, pursuant to Federal Rule of Civil Procedure 23(c), hereby requests an extension of time to move for class certification. The reasons for the request are set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

Dated: February 15, 2011

Respectfully submitted,

**DONOVAN SEARLES, LLC**

By: *s/ David A. Searles*
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

**FRANCIS & MAILMAN, P.C.**
James A. Francis
John Soumilas
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Case 2:10-cv-06850-PBT   Document 15   Filed 02/15/11   Page 3 of 8

**COMMUNITY LEGAL SERVICES, INC.**
Janet F. Ginzberg
Michael G. Hollander
1424 Chestnut Street
Philadelphia, PA  19102
215-981-3700

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMARA T. KING,<br>on behalf of herself and all others<br>similarly situated<br><br>        Plaintiff,<br>vs.<br><br>GENERAL INFORMATION SERVICES, INC.,<br><br>        Defendant. | C.A. No. 10-6850<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION TO EXTEND TIME TO MOVE FOR CLASS CERTIFICATION</u>**

Plaintiff Shamara T. King, by counsel, hereby moves for an extension of time to file her Motion for Class Certification in this case brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). The action was brought on behalf of consumers for whom Defendant, a seller of consumer reports to employers, has intentionally reported outdated adverse information that it is required to exclude from the consumer reports it sells.

**I.    <u>BACKGROUND</u>**

This case was filed on November 23, 2010, and an Amended Class Action complaint was filed on February 14, 2011 (Doc. 14). Plaintiff seeks to represent similarly situated employment applicants who, beginning two years prior to the filing of this action and continuing through the time of judgment in this action, were the subject of an employment consumer report prepared by Defendant which included any adverse criminal or public record (including any judgment of conviction, arrest, bankruptcy, civil judgment or tax lien). Amended Complaint, ¶¶ 38-39.

Defendant General Information Services, Inc. filed a Partial Motion to Dismiss Complaint on January 24, 2011 (Doc. 8), which is rendered moot as a result of the filing of the

Amended Complaint. Fed.R.Civ.P. 15(a)(1)(B). Defendant has until March 7, 2011 to answer or otherwise plead to the Amended Complaint.

No pretrial conference has been scheduled.

## II.     ARGUMENT

Local Rule 23.1 ordinarily requires that a class certification motion be filed within 90 days after the filing of the complaint, "unless this period is extended on a motion of good cause appearing." The application of that time frame to this case would indicate that Plaintiff's class certification motion would typically be filed around this time.

Local Rule 23.1 became effective July 1, 1995, at a time when Fed.R.Civ.P. 23(c) required that the determination whether to certify a class be made "as soon as practicable after commencement of an action." However, effective December 1, 2003, Fed.R.Civ.P. 23(c) was amended to require instead that "the court must – *at an early practicable time* – determine by order whether to certify the action as a class action." Fed.R.Civ.P. 23(c)(1)(A) (emphasis supplied).

According to the Advisory Committee Notes, subdivision (c)(1)(A) was changed because the "as soon as practicable" language "neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision," citing Willging, Hooper & Niemic, EMPIRICAL STUDY OF CLASS ACTIONS IN FOUR FEDERAL DISTRICT COURTS; FINAL REPORT TO THE ADVISORY COMMITTEE ON CIVIL RULES 26-36 (Federal Judicial Center 1996). The Notes go on to explain that the Rule was changed to reflect that time may be needed to gather information necessary to make the certification decision and that it might make sense for a court to rule on dismissal or summary judgment as to the individual plaintiffs without

certification and without binding the class that might have been certified. Advisory Committee Notes to 2003 Amendments.

Local Rule 23.1(c) has not been revised to comport with the 2003 amendments to Rule 23(c). But the time limit in the Local Rule has arguably been superseded by the amendments to Rule 23 because the basis for the 90 day time period in the Local Rule was the former language in Rule 23 that decision on certification be made "as soon as practicable after commencement of an action." No case could be found analyzing the Local Rule's 90 day time period in light of the 2003 amendments to Rule 23(c). However, the Third Circuit recently affirmed a district court's exercise of discretion in denying a class certification motion that was untimely under a similar local rule in the Western District. *Fowler v. UPMC Shadyside*, 2009 WL 2501662, *8 (3d Cir. Aug. 18, 2009).

Here, Plaintiff seeks an extension of time to move for class certification until thirty (30) days after the close of class certification discovery. Courts in this district often delay rulings on class certification to permit discovery to proceed. *See e.g., Karnuth v. Rodale*, 2003 U.S. Dist. LEXIS 12095 (E.D. Pa. Apr. 16, 2003) (Van Antwerpen, J.) ("We will postpone a Rule 23(b)(3) finding, pursuant to Local Rule 23.1(c), until the close of discovery"); *Gomberg v. Western Union Corp.*, 1997 WL 338938, *5 (E.D. Pa. June 16, 1997) (Yohn, J.) (failure to move for class certification within 90 days reasonable under the circumstances of particular case where, among other things, "it would have been imprudent to proceed with a motion for certification without an opportunity for discovery" and defendants were not prejudiced by delay).

Good cause exists for the requested extension of time. The case is in its very early stages, Defendant has not yet filed a response to the Amended Complaint and discovery has not

yet commenced. No pretrial conference has been held and no case management plan has yet been developed.

## III. CONCLUSION

For all the above reasons, Plaintiff respectfully requests that the Court find there is good cause and grant her request for an extension of time to file her Motion for Class Certification until thirty (30) days following the close of class certification discovery.

Dated: February 15, 2011                    Respectfully submitted,

**DONOVAN SEARLES, LLC**

By:   *s/ David A. Searles*
      David A. Searles
      1845 Walnut Street, Suite 1100
      Philadelphia, PA 19103
      (215) 732-6067

**FRANCIS & MAILMAN, P.C.**
James A. Francis
John Soumilas
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**COMMUNITY LEGAL SERVICES, INC.**
Janet F. Ginzberg
Michael G. Hollander
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700

Attorneys for Plaintiff and the Class

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on this date and that service is therefore being made electronically on the following counsel of record for Defendant:

Allen R. Bunker
COMEAU & BUNKER
Four Penn Center, Suite 500
1600 JFK Boulevard
Philadelphia, PA 19103

Cindy Hanson
John R. Gibson
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528

Dated: February 15, 2011                                      *s/ David A. Searles*
                                                              David A. Searles