UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAMARA T. KING,** ) <br> on behalf of herself and all others ) <br> similarly situated ) <br> ) <br> **Plaintiff,** ) <br> vs. ) <br> ) <br> **GENERAL INFORMATION SERVICES, INC.,** ) <br> ) <br> **Defendant.** ) <br> ) | **C.A. No. 10-6850** <br><br> **CLASS ACTION** |

## ORDER

AND NOW, upon consideration of Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint and Plaintiff's Response in Opposition, and good cause appearing therefore,

IT IS this ____ day of _____, 2011, HEREBY ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint is DENIED. Defendant is ORDERED to file an Answer to Plaintiff's Amended Complaint within fourteen (14) days from the entry hereof.

_____
Petrese B. Tucker, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHAMARA T. KING, )<br>on behalf of herself and all others )<br>similarly situated )<br>)<br>             Plaintiff, )<br>  vs. )<br>)<br>GENERAL INFORMATION SERVICES, INC., )<br>)<br>             Defendant. )<br>) | C.A. No.  10-6850<br><br>CLASS ACTION |

**PLAINTIFF'S RESPONSE IN OPPPOSITION TO DEFENDANT'S**
**PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

    Plaintiff Shamara T. King, by counsel, hereby opposes Defendant General Information Services, Inc.'s Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. 17).  For the reasons set forth more fully in the accompanying Memorandum of Law, the Motion should be denied in its entirety.

Dated:  April 1, 2011                                                             Respectfully submitted,

                                                                                  **DONOVAN SEARLES, LLC**

                                                    By:    */s/ David A. Searles*
                                                                    David A. Searles
                                                                    1845 Walnut Street, Suite 1100
                                                                    Philadelphia, PA 19103
                                                                    (215) 732-6067

                                                                    **FRANCIS & MAILMAN, P.C.**
                                                                    James A. Francis
                                                                    John Soumilas
                                                                    Land Title Building, 19th Floor
                                                                    100 South Broad Street
                                                                    Philadelphia, PA 19110
                                                                    (215) 735-8600

                                                                    **COMMUNITY LEGAL SERVICES, INC.**
                                                                    Janet F. Ginzberg
                                                                    Michael G. Hollander
                                                                    1424 Chestnut Street
                                                                    Philadelphia, PA  19102
                                                                    (215) 981-3700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMARA T. KING, )<br>on behalf of herself and all others )<br>similarly situated )<br>  )<br>            Plaintiff, )<br>   vs. )<br>  )<br>GENERAL INFORMATION SERVICES, INC., )<br>  )<br>            Defendant. )<br>  ) | C.A. No. 10-6850<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL[1]
MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff Shamara T. King, by and through her undersigned counsel, hereby submits this Memorandum of Law in opposition to Defendant General Information Services, Inc.'s ("GIS") Partial Motion to Dismiss Plaintiff's Amended Class Action Complaint.

**I.   INTRODUCTION**

Defendant GIS's Partial Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") attacks a fictional straw man complaint, a complaint devoid of any allegations that the consumer report at issue contained public record information that was inaccurate, incomplete and/or not up to date. But as set forth below, that is not the pleading that Plaintiff filed. Plaintiff's Amended Class Action Complaint specifically pleads facts and allegations that the March 2010 consumer report that Defendant sold about her to the U.S. Postal Service contained inaccurate information regarding the actual charge date pertaining to the incident it reported about her, failed to report the correct date of arrest and failed to include Plaintiff's hair color, all

---

[1] As explained below, while Plaintiff has pled two (2) claims based upon Defendant's violations of section 1681c(a)(5) of the Fair Credit Reporting Act, Defendant has only moved to dismiss the section 1681k claim.

information that was available and contained within the actual public record. Moreover, Defendant's arguments regarding the elements required to prove a section 1681k claim are incorrect and undermined by the plain language of the Fair Credit Reporting Act. As such, the Motion should be denied.

## II. LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss, the general rules of pleading require only a short and plain statement of the claim showing that the pleader is entitled to relief; detailed factual allegations are not necessary. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3rd Cir. 2008). The court must accept a complaint's factual allegations as true and view them in the light most favorable to the plaintiff. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3rd Cir. 2006).

Universally recognized as a notice pleading standard, Rule 8(a)(2) calls for a plaintiff filing a complaint in the federal courts to simply provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) ("A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."). *See also, Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002) (calling Rule 8 a "simplified notice pleading standard."), and *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974):.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

The Third Circuit after *Twombly* has consistently held that when considering a motion to dismiss pursuant to Rule 12(b)(6), the court shall:

> "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff" and "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."

*Umland v. PLANCO Financial Services, Inc.*, 542 F.3d 59, 64 (3d Cir. 2008), (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d at 260, and *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). *See also, Phillips v. County of Allegheny*, 515 F.3d at 233 (finding *Pinker* "remains an acceptable statement of the standard" and "finding [*Twombly*] confusing"). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556 (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id*. (quoting *Scheuer v. Rhodes,* 416 U.S. at 236).

To the extent *Twombly*, or more recently *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), impacts the standard of review of a motion seeking dismissal of claims, the opinion merely clarifies that a complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Third Circuit in *Phillips* noted that *Twombly* "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element." 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). And as this Court recently had occasion to observe, relying on *Phillips* and other post-*Twombly* decisions, "nothing in *Twombly*, *Iqbal*, or *Fowler* [*v. UPMC Shadyside*, 578 F.3d 203 (3d. Cir. 2009)] has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review ….[Rule 8] requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations." *Smith v. HireRight Solutions, Inc.,* 711 F.Supp.2d 426, 431 (E.D. Pa. 2010) (citations omitted) (denying motion to dismiss FCRA claims).

### III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case commenced with the filing of a Class Action Complaint on November 23, 2010 by Plaintiff Shamara King on behalf of a class of similarly situated persons. On January 24,

2011, Defendant filed a partial motion to dismiss. (Doc. 8). On February 14, 2011, Plaintiff filed an Amended Class Action Complaint (Doc. 14), as to which Defendant has filed another Partial Motion to Dismiss.

The Amended Complaint asserts that the Defendant GIS violated the FCRA by selling to prospective employers prejudicial, misleading and inaccurate background reports on applicants for employment, for failing to provide contemporaneous notification to the consumer of the fact that public record information is being reported, and for failing to maintain strict procedures designed to insure that the adverse public record information that GIS reports is complete, accurate and up to date. *See* 15 U.S.C. §§ 1681c, 1681e(b), 1681k. Defendant does not contest any of Plaintiff's claims except the claim brought under section 1681k of the FCRA.

### A. Factual Allegations As To The Defendant's Practices As A Consumer Reporting Agency And Furnisher Of Consumer Reports For Employment Purposes

The Amended Complaint alleges that during the relevant time period, the Defendant was a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.[2] CRAs collect, maintain and disclose consumer credit report information, including public record information such as the criminal record history of individuals. The Complaint alleges that the Defendant sells such consumer files to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants. Defendant GIS, for example, has publicly stated that it sells background reports to "thousands of customers nationwide, from small business to Fortune 100 companies." Amended Complaint, ¶ 10.

The Amended Complaint describes a number of the Act's statutory duties required of a CRA. When a CRA furnishes a consumer report for employment purposes, and compiles and

---

[2] Defendant admits as much. Def. Mem. at 4, n.1.

4

reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment,[3] the CRA, at the time the public record information is reported to the user of the consumer report, must notify the consumer of the fact that public record information is being reported by the CRA, together with the name and address of the person to whom such information is being reported. Alternatively, the CRA is required to maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, that it is complete and up to date. Amended Complaint, ¶¶ 11-12; see also 15 U.S.C. §1681k(a).

In addition to its duties under section 1681k, a CRA is required to exclude from a consumer report adverse items of information, including records of arrest, which antedate the consumer report by more than seven (7) years. Adverse items of information, such as records of arrest which antedate the consumer report by more than seven years, may be included in a consumer report, but only for consumer reports used in connection with the employment of any individual at an annual salary which equals, or which may be reasonably expected to equal $75,000, or more. Amended Complaint, ¶¶ 13-14. *See also Serrano v. Sterling Testing Systems, Inc.*, 557 F.Supp.2d 688, 692-93 (E.D. Pa. 2008) (Pratter, J.) (discussing restrictions on CRAs regarding the reporting of arrest data and adverse information). A CRA is also required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b).

Notwithstanding the statutory requirements, the Amended Complaint alleges that, Defendant neither notifies the consumer contemporaneously of the fact that public record

---

[3] The statute cites examples of such public record information as relating to "arrests, indictments, convictions, suits, tax liens, and outstanding judgments." 15 U.S.C. § 1681k(a)(2).

information is being reported by Defendant, nor does it maintain strict procedures designed to insure that such information is complete, accurate and up to date. The Amended Complaint alleges that Defendant follows a common policy and practice of reporting outdated criminal arrest records. Amended Complaint, ¶¶ 16-18.

The Amended Complaint alleges that Defendant's practice exacts serious consequences on consumer job applicants and interstate commerce. When consumers have been reported as having arrest records that are required by law not to be disclosed by a CRA, such consumers are viewed as less desirable job applicants and are more likely not to be hired by the employers who pay Defendant to issue such reports. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being accurately reported. Pursuant to Defendant's practice, by the time the consumer is made aware of the inaccurate reporting, it is too late to correct the information because it has already been sold to the employer by the Defendant and has formed the basis of a decision whether to hire the applicant. Amended Complaint, ¶¶ 19-20.

Plaintiff asserts that despite the statutory duties described in the Act and the Amended Complaint, the Defendant nonetheless, deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards these duties, in violation of the FCRA. Amended Complaint, ¶ 21.

###### B.  **Factual Allegations as to The Representative Plaintiff**

The Amended Complaint describes the factual background of what happened to the Plaintiff Shamara King at the hands of the Defendant.

On or about February 3, 2000, at the age of 19, Ms. King was present in her own car with her cousin, who was driving, and her cousin's friend, when the motor vehicle was stopped by a

policeman in Montgomery County, Pennsylvania. Ms. King's cousin and his friend were charged with and eventually convicted of motor vehicle theft allegedly arising from a series of car thefts from area automobile dealers. On information and belief, both men were sentenced to prison for those activities. Amended Complaint, ¶¶ 22-23.

Ms. King had no knowledge of the alleged motor vehicle thefts. However, because she was in the presence of the men when her vehicle was stopped by the police, she was charged with eleven counts of motor vehicle theft arising from the incident. Subsequently, she appeared in the Court of Common Pleas for Montgomery County, Pennsylvania, although she had no lawyer to represent her. Following a conference with the prosecuting attorney, Ms. King pled guilty to one count of "criminal conspiracy engaging theft by unlaw (sic) taking-movable property." She was sentenced to three years' probation. The other ten counts were *nolle prossed*. Amended Complaint, ¶¶ 24-26.

In or around early 2010 (more than seven years after the *nolle prossing* of the ten charges in July 2000), Ms. King applied for employment with the U.S. Postal Service, which ordered a background check from Defendant GIS. Defendant then prepared and sold to the Postal Service a background check consumer report on Ms. King, which improperly disclosed the ten *nolle prossed* charges. Amended Complaint ¶¶ 27-30. In addition, the consumer report which Defendant sold to the Postal Service also included information that was not accurate, complete or up to date. Amended Complaint, ¶ 30. Specifically, it inaccurately stated that Plaintiff had been charged with an offense on January 8, 2000; failed to report the correct arrest date of February 3, 2000 which was in the actual public record, and also omitted Plaintiff's hair color which the public record disclosed as being black. *Id*.

The Amended Complaint alleges that any preparer of a background check consumer report that maintained strict procedures designed to omit outdated adverse information and assure complete and up to date information would have been aware that it was not permissible under the FCRA to report the outdated arrest record because the arrest record antedated the report by more than seven years. Nonetheless, with knowledge that the adverse information was outdated as defined by the FCRA, Defendant willfully and recklessly disclosed it anyway. Specifically, on or about March 4, 2010, Defendant mailed to Ms. King a copy of her eight page consumer report that was earlier sent by Defendant to the Postal Service, and the Amended Complaint alleges that GIS deliberately, knowingly and recklessly reported the outdated adverse information. Amended Complaint, ¶¶ 31-33. In addition, the March 2010 report that Defendant sent to Plaintiff contained the wrong charge date, failed to report the accurate date of arrest and failed to identify Plaintiff's hair color. *Id*. at ¶33.

The Amended Complaint alleges that a CRA's duty under section 1681k to maintain strict procedures to insure that public record information does not contain outdated adverse information is absolute and not dependent on whether a consumer knows of or disputes outdated adverse, or otherwise improperly disclosed information. In other words, the FCRA does not require consumers to wait to have outdated adverse public record information reported about them and to then dispute the improper reporting. The Amended Complaint alleges that GIS's practices and procedures affected not only the Plaintiff but also other applicants for employment who had outdated adverse information that was deliberately, knowingly and recklessly reported by Defendant to prospective employers. Amended Complaint, ¶¶ 34-35.

Based on the foregoing allegations, Plaintiff seeks to certify a class of similarly situated persons, statutory damages of $100 to $1,000 per class member, punitive damages, fees and costs, pursuant to the FCRA.

## IV.     ARGUMENT

In support of its Motion, Defendant makes two arguments. Def. Mem. at pp.4-8. While Plaintiff agrees with the first argument, neither argument warrants a dismissal of Plaintiff's section 1681k claim.

### A.     Plaintiff Agrees That Section 1681k(a)(1) Is Not Implicated In This Action

First, Defendant argues that section 1681k legally imposes on CRAs one of two alternative requirements. Def. Mem. at 4-5. Defendant argues that when a CRA furnishes a consumer report for employment purposes that contains public records which are likely to have an adverse effect on the consumer's employment, it must comply with either section 1681k(a)(1) (relating to the requirement of a CRA to provide contemporaneous notification of the fact that it sold likely adverse information relating to a public record about the consumer, along with the name and address of the person to whom it sold that information), or section 1681k(a)(2) (relating to the requirement to have strict procedures to insure that whenever public record information is likely to have an adverse effect on a consumer's ability to obtain employment, such information is complete and up to date). *Id.*

Plaintiff agrees with this aspect of Defendant's recitation of the FCRA. A CRA must comply with either FCRA section 1681k(a)(1) or section 1681k(a)(2), but not both. Moreover, as Defendant has admitted that it does not comply as a matter of law with section 1681k(a)(1), the only argument is whether the Plaintiff's Complaint adequately pleads that Defendant violated section 1681k(a)(2). Def. Mem. at 5.

9

### B. Plaintiff Has Sufficiently Alleged That Defendant Violated Section 1681k(a)(2)

Defendant's second argument is that the allegations of Plaintiff's Amended Complaint fail to state a claim that Defendant violated section 1681k(a)(2) of the FCRA. Def. Mem. at 6-8. This argument simply ignores the allegations in the Amended Complaint.

A CRA's obligations under section 1681k(a)(2) are clear. It must:

> 2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse affect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record related to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k(a)(2). Thus, according to this statutory requirement, a CRA must maintain: 1) "strict procedures designed to insure" that the public record information it reports is 2) "complete ***and***" 3) "up to date." *Id*. (Emphasis added). Plaintiff has alleged that Defendant fails in this regard, and such allegations put an end to Defendant's Motion.

The Amended Complaint straightforwardly alleges facts in support of Plaintiff's claim that Defendant has willfully failed to maintain strict procedures to assure that the public record information it reports is complete and up to date. Amended Complaint, ¶¶ 21, 30, 31, 33, 34, 35, 37, 47. Defendant never once challenges this allegation. Its failure to do so is alone sufficient compel denial of its Motion.

Instead, Defendant's sole argument is that the information it reported was "complete and up to date" which, as demonstrated by the plain meaning of the statutory language, is not the only requirement under section 1681k(a)(2). Def. Mem. at 5. Even if this were sufficient (*i.e.,* reporting information that was complete and up to date could obviate a CRA's duty to maintain strict procedures), Defendant's assertion is factually incorrect.

Plaintiff alleges that the consumer report Defendant sold to the Postal Service about her background incorrectly stated a charge date of January 8, 2000, failed to include the correct arrest date of February 3, 2000 which was reflected in the public record, and did not include Plaintiff's hair color, which was also disclosed in the public record as being black.  Amended Complaint, ¶¶ 30, 31, 33.  Thus, Plaintiff alleges that the information Defendant reported was not the information contained in the public record - it did not mirror that information - and thus, was not "complete."  The definition of "complete" is: "Having all the necessary or normal parts, elements or steps: whole."  Webster's II New Riverside University Dictionary.  The information that Defendant reported did not contain "all of the necessary or normal parts" of the public record.

Defendant reads section 16181k(a)(2) to mean that as long as a CRA reports an adverse public record with reference to any "intervening events, such as a dismissal or acquittal" it satisfies its obligation.  Def. Mem. at 6.  But such a reading nullifies the requirement that a CRA maintain strict procedures and that the information it reports be "complete," which is independent from the issue of whether the most recent status of the record is reported.  Thus, Defendant's reading of the statute is that a CRA must simply comply with the third element of section 1681k(a)(2), but not the first two.

Defendant attaches a December 16, 1999 letter from Clarke W. Brinckerhoff of the Federal Trade Commission ('Brinckerhoff Letter") to support its argument that Plaintiff's allegations are insufficient, but its reliance on this letter is misplaced for several reasons.

First, no letter from the FTC can alter the plain language of the FCRA or relieve a defendant CRA from complying with its duty to maintain strict procedures or report complete information of the adverse public record information it reports. Defendant's argument ignores

11

the principle that agency actions do not have the force of law unless they "mark the consummation of the agency's decisionmaking process" and either determine "rights or obligations" or result in discernible "legal consequences" for regulated parties. *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).  The Brinckerhoff Letter certainly does not satisfy that standard.

Second, the Brinckerhoff Letter in no way addressed or discussed a CRA's duty to maintain "strict procedures" under section 1681k(a)(2), and in no way even suggests that by merely reporting the most recent "intervening event" of a public record, a CRA automatically satisfies section 1681k(a)(2).

Third, the Brinckerhoff Letter was generated in response to a situation where an employer had specifically requested that the CRA it hired omit or exclude certain information from the consumer report, a circumstance not at issue in the context of Plaintiff's allegations in this case.

Defendant next argues that Plaintiff's allegation that it misreported the charge date as January 8, 2000 when the public record clearly states the arrest date as February 3, 2000 is of no consequence to whether it complied with section 1681k(a)(2) of the FCRA because that allegation relates to the "accuracy" of the report, not whether it was complete and up to date. Def. Mem. at 7.  This argument pursues the same fallacy found throughout Defendant's Motion: a report that is inaccurate can hardly be found to be complete.

Defendant's following argument pertains to Plaintiff's allegations regarding the failure to report the actual and correct arrest date.  As Plaintiff has alleged, the actual public record from the Montgomery County Court of Common Pleas lists Plaintiff's arrest date at February 3, 2000, but Defendant's report never included that information.   Defendant asserts that its failure to report the arrest date can in no way render its report incomplete.  Def. Mem. at 7.  But, as set

forth above, this undermines the FCRA's statutory language requirement that CRAs report the "complete" public record.

Defendant tries to gain traction with this argument by contending that arrest information is irrelevant, and thus not necessary to report, because it does not trigger the running of the FCRA's 7 year obsolescence reporting period. *See* 15 U.S.C. section 1681c(a)(5). But this assertion is wrong for several reasons.

First, whether an item of information within a consumer report triggers a separate statutory obligation for a CRA has nothing at all to do with whether the inclusion of that item makes the report complete and up to date. Moreover, there is absolutely no requirement in the language of section 1681k(a)(2) that the information reported be relevant or not.

Second, Defendant is simply wrong about the running of the FCRA's 7 year obsolescence period. Plaintiff agrees that where certain offenses lead to a disposition and/or sentence, release or parole as outlined by 16 C.F.R. 600 App., the 7 year period may run from the date of disposition. However, where, as here, an arrest leads to charges that are simply dropped or not prosecuted (*i.e.*, *nolle prossed* in the case of Plaintiff), and thus have no disposition, it is simply an adverse item of information subject to the FCRA's 7 year reporting period. *See Serrano v. Sterling Testing Systems, Inc.*, 557 F.Supp.2d 688, 692-93.

Defendant concludes its brief with a one paragraph throwaway contention that Plaintiff's allegation that it failed to report Plaintiff's hair color, which was a matter of the public record, should be disregarded because such a fact is "trifling." Def. Mem. at 8. While Plaintiff does not allege that the failure of Defendant to report her hair color impacted her ability to gain employment with the Postal Service, that fact is indeed relevant to whether Defendant's report was "complete" as required by section 1681k(a)(2). Nowhere does the language of FCRA

section 1681k(a)(2) suggest that the only information a CRA must report about a public record is information that is material to a job application and/or non-trivial as Defendant argues.

The fact remains that Plaintiff has sufficiently alleged that Defendant did not maintain strict procedures to comply with section 1681k(a)(2) and that the consumer report it sold about her was inaccurate, incomplete and not up to date. As such, Plaintiff's allegations are more than sufficient to withstand the Motion.

**V.     CONCLUSION**

For all the foregoing reasons, Plaintiff Shamara T. King respectfully requests that the Court deny the Defendant's Partial Motion to Dismiss and enter an Order requiring Defendant to file an Answer to the Complaint within fourteen (14) days.

Dated: April 1, 2011                               Respectfully submitted,

**DONOVAN SEARLES, LLC**


By:     *s/ David A. Searles*
        David A. Searles
        1845 Walnut Street, Suite 1100
        Philadelphia, PA 19103
        (215) 732-6067

        **FRANCIS & MAILMAN, P.C.**
        James A. Francis
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        **COMMUNITY LEGAL SERVICES, INC.**
        Janet F. Ginzberg
        Michael G. Hollander
        1424 Chestnut Street
        Philadelphia, PA 19102
        215-981-3700

        Attorneys for Plaintiff and the Class

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on this date and that service is therefore being made electronically on the following counsel of record for Defendant.

Allen R. Bunker
COMEAU & BUNKER
Four Penn Center, Suite 500
1600 JFK Boulevard
Philadelphia, PA 19103

Cindy Hanson
John R. Gibson
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528

Dated: April 1, 2011                    */s/ David A. Searles*
                                        David A. Searles