UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMARA T. KING, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>GENERAL INFORMATION SERVICES, INC.,<br><br>              Defendant. | Case No.: 2:10-cv-06850-PBT |

## ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendant General Information Services, Inc. ("GIS") hereby appears, by and through legal counsel of record, and answers Plaintiff's amended complaint as follows:

### I.   PRELIMINARY STATEMENT

1. GIS denies that any response is required to Paragraph 1. However, to the extent a response is required, GIS admits that Plaintiff seeks to assert claims under the Fair Credit Reporting Act ("FCRA"). GIS denies that Plaintiff has standing to assert any claims against it under the FCRA and denies that Plaintiff is a qualified representative of a putative class of plaintiffs. GIS further denies that the Plaintiff or any person similarly situated is a qualified representative of a class of Plaintiffs. To the extent not admitted above, GIS denies all remaining allegations contained in Paragraph 1.

### II.   JURISDICTION AND VENUE

2. GIS admits this Court has jurisdiction.

3. GIS admits that venue is proper in this judicial district.

### III. PARTIES

4. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 4, and they are therefore denied.

5. GIS denies that it does business in Philadelphia County, Pennsylvania. GIS admits the other allegations set forth in Paragraph 5.

### IV. FACTUAL ALLEGATIONS

6. GIS admits the allegations set forth in Paragraph 6.

7. GIS admits the allegations set forth in Paragraph 7.

8. GIS denies that any response is required to Paragraph 8. However, to the extent a response is required, the FCRA speaks for itself and any interpretation of this statute is a matter of law for the Court to decide.

9. GIS admits that it reviews public record databases which contain public record information concerning, among other things, the alleged criminal record history of individuals. GIS denies the remaining allegations contained in Paragraph 9.

10. GIS admits that it sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants. With respect to the second sentence of Paragraph 10, GIS states that its website speaks for itself, and therefore denies any interpretation inconsistent thereto. GIS denies the remaining allegations contained in Paragraph 10.

11. GIS denies that any response is required to Paragraph 11. However, to the extent a response is required, the FCRA speaks for itself and any interpretation of this statute is a matter of law for the Court to decide.

12. GIS denies that any response is required to Paragraph 12. However, to the extent a response is required, the FCRA speaks for itself and any interpretation of this statute is a matter of law for the Court to decide.

13. GIS denies that any response is required to Paragraph 13. However, to the extent a response is required, the FCRA speaks for itself and any interpretation of this statute is a matter of law for the Court to decide.

14. GIS denies that any response is required to Paragraph 14. However, to the extent a response is required, the FCRA speaks for itself and any interpretation of this statute is a matter of law for the Court to decide.

15. There is no Paragraph 15 in the Amended Complaint.

16. GIS denies the allegations set forth in Paragraph 16.

17. GIS admits the first sentence of Paragraph 17 as to the report GIS prepared about Ms. King and made the subject of this lawsuit. GIS denies the other allegations in Paragraph 17.

18. GIS denies the allegations set forth in Paragraph 18.

19. GIS denies the allegations set forth in Paragraph 19.

20. GIS denies the allegations set forth in Paragraph 20.

21. GIS denies the allegations set forth in Paragraph 21.

22. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 22, and they are therefore denied.

23. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 23, and they are therefore denied.

24. GIS admits the public record indicates that Ms. King was charged with eleven counts. GIS is without sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in Paragraph 24, and they are therefore denied.

25. GIS admits the public record indicates that on July 26, 2000, Ms. King entered a guilty plea as to the count of "criminal conspiracy engaging – theft by unlaw taking-movable prop." GIS further admits the public record indicates Ms. King was sentenced to three years probation. GIS is without sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in Paragraph 25, and they are therefore denied.

26. GIS admits the public record of the case in which Ms, King was convicted indicates the other ten charges were nolle prossed. GIS otherwise denies the allegations contained in Paragraph 26.

27. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 27, and they are therefore denied.

28. GIS admits the allegations contained in Paragraph 28.

29. GIS admits the allegations set forth in Paragraph 29.

30. GIS denies the first sentence of Paragraph 30. GIS admits that, in describing the case in which Ms. King was convicted, the background report disclosed the ten nolle prossed charges, indicated an offense date of January 8, 2000, did not include the arrest date of February 3, 2000, and did not state Ms. King's hair color. GIS denies, however, that the inclusion or omission of this information rendered the report not in compliance with the FCRA.

31. GIS denies the allegations set forth in Paragraph 31.

32. GIS admits the allegations set forth in Paragraph 32.

33.	GIS admits that the report was eight pages. GIS denies the other allegations set forth in Paragraph 33.

34.	GIS denies that any response is required to Paragraph 34. However, to the extent a response is required, the FCRA speaks for itself and any interpretation of this statute is a matter of law for the Court to decide.

35.	GIS denies the allegations set forth in the first sentence of Paragraph 35. GIS denies that any response is required to the remainder of Paragraph 35. However, to the extent a response is required, the FCRA speaks for itself and any interpretation of this statute is a matter of law for the Court to decide.

36.	GIS denies that any response is required to Paragraph 36. However, to the extent a response is required, the FCRA speaks for itself and any interpretation of this statute is a matter of law for the Court to decide.

37.	GIS denies the allegations set forth in Paragraph 37.

### V.	CLASS ACTION ALLEGATIONS

38.	GIS admits that Plaintiff seeks to assert claims under Section 1681k of the FCRA and on behalf of certain putative classes. GIS denies that Plaintiff has standing to assert any claims against it under the FCRA and denies that Plaintiff is a qualified representative of a putative class of plaintiffs. GIS further denies that the Plaintiff or any person similarly situated is a qualified representative of a class of Plaintiffs. GIS further admits that Fed. R. Civ. P. 23 allows the court to certify a class under circumstances not presented in this case. To the extent not admitted above, GIS denies all remaining allegations contained in Paragraph 38.

39. GIS admits that Plaintiff seeks to assert claims under Section 1681c of the FCRA and on behalf of certain putative classes. GIS denies that Plaintiff has standing to assert any claims against it under the FCRA and denies that Plaintiff is a qualified representative of a putative class of plaintiffs. GIS further denies that the Plaintiff or any person similarly situated is a qualified representative of a class of Plaintiffs. GIS further admits that Fed. R. Civ. P. 23 allows the court to certify a class under circumstances not presented in this case. To the extent not admitted above, GIS denies all remaining allegations contained in Paragraph 39.

40. GIS denies the allegations set forth in Paragraph 40.

41. GIS denies the allegations set forth in Paragraph 41.

42. GIS denies the allegations set forth in Paragraph 42.

43. GIS denies the allegations set forth in the first sentence of Paragraph 43. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in the remainder of Paragraph 43, and they are therefore denied.

44. GIS denies the allegations set forth in Paragraph 44.

45. GIS denies the allegations set forth in Paragraph 45.

### VI.   COUNT ONE - FCRA

46. GIS incorporates and restates its answers to the above-numbered paragraphs by reference.

47. GIS denies the allegations set forth in Paragraph 47.

### VII.   JURY TRIAL DEMAND

48. Defendant admits Plaintiff seeks a trial by jury, but denies that Plaintiff is entitled to the relief requested.

## VIII. PRAYER FOR RELIEF

GIS denies that Plaintiff is entitled to the relief requested in her prayer for relief, or any other relief.

GIS denies all allegations set forth in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

GIS asserts all affirmative defenses to the Complaint that are or may be available to it under Fed. R. Civ. P. 12(b).

### SECOND DEFENSE

The Complaint fails to state claims against GIS upon which relief may be granted.

### THIRD DEFENSE

Plaintiff's and all or a portion of the putative class members' claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

GIS avers that at all times it acted without negligence, without recklessness, and without willful intent either to injure Plaintiff or the putative class or to violate the law.

### FIFTH DEFENSE

GIS acted at all times in accordance with the Fair Credit Reporting Act.

### SIXTH DEFENSE

GIS denies that Plaintiff is entitled to certify a class for purposes of conducting a class action under Fed. R. Civ. P. 23 and denies that Plaintiff is entitled to qualified to serve as the representative of any such class.

### JURY DEMAND

GIS demands trial by jury.

Defendant General Information Services, Inc. asks this Court to dismiss Plaintiff's Amended Class Action Complaint with prejudice and award Defendant General Information Services, Inc. its costs and expenses, including reasonable attorneys' fees.

Respectfully submitted this 2nd day of June, 2011.

/s/ Cindy D. Hanson

| | |
|---|---|
| Michael O. Kassak, Esq. | Cindy D. Hanson (admitted *pro hac vice*) |
| White & Williams LLP | Georgia Bar No. 323920 |
| LibertyView, Suite 400 | John P. Jett (*pro hac vice* forthcoming) |
| 457 Haddonfield Rd. | Georgia Bar No. 827033 |
| Cherry Hill, NJ 08002-2220 | Kilpatrick Townsend & Stockton LLP |
| Telephone: (856) 317-3600 | 1100 Peachtree Street, Suite 2800 |
| | Atlanta, Georgia 30309 |
| | Telephone:   (404) 815-6500 |
| | Facsimile:   (404) 541-3240 |

*Counsel for Defendant General Information Services, Inc.*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMARA T. KING, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GENERAL INFORMATION SERVICES, INC.,<br><br>Defendants. | Case No.: 2:10-cv-06850-PBT |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing "ANSWER TO AMENDED CLASS ACTION COMPLAINT" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record:

Noah Axler
DONOVAN SEARLES, LLC
1845 WALNUT ST.
STE 1100
PHILADELPHIA, PA 19103
215-732-6067
Fax: 215-732-8060
Email: naxler@donovansearles.com

JANET F. GINZBERG
MICHAEL G. HOLLANDER
COMMUNITY LEGAL SERVICES
1424 CHESTNUT STREET
PHILADELPHIA, PA 19102
215-981-3794
Email: jginzberg@clsphila.org
Email: mhollander@clsphila.org

JAMES A. FRANCIS
JOHN SOUMILAS
ERIN A. NOVAK
FRANCIS & MAILMAN, PC
LAND TITLE BLDG 19TH FL
100 S. BROAD ST
PHILADELPHIA, PA 19110
215-735-8600
Fax: 215-940-8000
Email: jfrancis@consumerlawfirm.com

/s/ Cindy D. Hanson
Cindy D. Hanson, Esq.
Counsel for Defendant General Information Services, Inc

9