UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMARA T. KING, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL INFORMATION SERVICES, INC.,<br><br>Defendant. | Case No.: 2:10-cv-06850-PBT |

DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>

Cindy D. Hanson (admitted *pro hac vice*)
John P. Jett (admitted *pro hac vice*)

KILPATRICK TOWNSEND &
  STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Robert E. Campbell

WHITE AND WILLIAMS LLP
LibertyView, Suite 400
457 Haddonfield Rd.
Cherry Hill, NJ 08002-2220
Telephone: (856) 317-3600
Facsimile: (856) 317-1342

*Counsel for Defendant General Information Services, Inc.*

The undisputed evidence in this case shows that GIS did not violate § 1681c[1] and, even if it did, that GIS's actions were not willful under the FCRA. Plaintiff faces a very high burden in this case –a burden she imposed on herself. Rather than bringing a claim for negligence (or for both negligence and willfulness), she *chose to bring only a willfulness claim*, which requires that she demonstrate that GIS's understanding of the FCRA was "objectively unreasonable." Faced with this burden and recognizing she cannot meet it, Plaintiff's response brief plays on sympathy and does not engage GIS's arguments.

First, the uncontested evidence proves GIS did not violate the FCRA. The FCRA permits GIS to report "records of convictions," which is what GIS reported with respect to Plaintiff. There is no counter-evidence to suggest that what GIS reported was not Plaintiff's *records* of conviction. GIS did not report "records of arrest" or "any other adverse items of information."

Second, even if the Court determines that GIS violated the FCRA, it should still grant summary judgment for GIS because Plaintiff cannot show that GIS violated the FCRA willfully. Plaintiff incorrectly argues that § 1681c is clear, but the FCRA never defines what constitutes reportable "records of convictions." As such, GIS made a reasonable interpretation in light of the FCRA's text and purpose. Plaintiff also mistakenly posits that GIS could have taken guidance from an inapposite district court opinion, which is baseless: not only does the decision not speak to the issue in this case, but it is not controlling authority from a Court of Appeals.[2]

---

[1] Plaintiff has elected not to pursue her claim under FCRA § 1681k. As such, GIS's arguments stand unrefuted, and GIS is entitled to summary judgment in its favor on Plaintiff's § 1681k claim. *See* MSJ at 23-25; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (a moving party meets its burden by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case"); *Hoffman v. J.M.B. Retail Props., Co.*, 817 F. Supp. 448, 453 (D. Del. 1993) (summary judgment is warranted on unrefuted points).

[2] The Court should also grant summary judgment for GIS on the question of standing. Plaintiff concedes she has no actual injury. Plaintiff's reliance on the idea of statutory standing is insufficient because Plaintiff must be within the class of persons that the statute is designed to

1

I.  **GIS did not violate § 1681c.**

   A.  **GIS reported Plaintiff's records of conviction.**

The FCRA allows CRAs to report "records of convictions" regardless of age. 15 U.S.C. § 1681c. "Records of convictions" is not defined in the FCRA, which overwhelmingly favors completeness in reported information. *See* MSJ at 8-11. Faced with this ambiguity and the FCRA's statutory preferences, GIS reported Plaintiff's complete records of conviction. Contrary to Plaintiff's presentation, GIS's representative testified not that GIS reports nonconviction information regardless of age, but that it reports complete records of *convictions* as they appear in the public record index. *See, e.g.*, Webb Dep. at 172 (stressing that GIS reports *nolle prossed* counts only "***if it's as a result of a case of conviction***") (emphasis added). The exception in § 1681c(a)(5) is not that CRAs can report only the *fact* of a conviction, as Plaintiff seems to argue, but rather that CRAs can report the "*records* of convictions." Plaintiff ignores the word "records" entirely, arguing that a CRA can report a "conviction" – *i.e.*, only the existence of a conviction. This misunderstanding is the basis of her assertion that a CRA must cull some information from records of convictions and report only the fact of the conviction. Plaintiff's interpretation is contradicted by the text and the purpose of the FCRA and should be rejected.

Plaintiff contends that the FCRA's distinctions among records of arrest, any other adverse items of information, and records of conviction preclude GIS's reporting in this case. Although GIS acknowledges that it cannot report obsolete records of arrest or any other adverse items of information standing alone, there is no summary judgment evidence that it did. GIS reported what is specifically allowed under the statute -- Plaintiff's complete records of conviction. Despite Plaintiff's speculation about congressional intent, Plaintiff has provided no

---

protect. Because the evidence proves that the information that GIS reported was not adverse, Plaintiff does not have statutory standing.

2

evidence or authority for the position that "records of convictions" is anything other than the *complete* records of convictions or that Congress somehow intended for CRAs to arbitrarily parse out portions of otherwise-reportable records of convictions.

      **B.**      **GIS reported neither "any other adverse items of information" nor "records of arrest."**

Even if the Court concludes that GIS did not report complete records of conviction, the evidence proves that GIS did not violate § 1681c because GIS did not report "any other adverse items of information" or "records of arrest," which is how Plaintiff characterizes her *nolle prossed* counts. *See, e.g.*, Plaintiff's Opposition Brief ("Opp. Brief") at 12.[3]

First, the only evidence shows that the *nolle prossed* counts that GIS reported had ***no effect*** on Plaintiff's employment application with the USPS. MSJ at 5-6, 19-20; Madden Decl., Ex. 5 to MSJ, ¶¶ 5-8. To the contrary, the USPS denied Plaintiff's employment application because of Plaintiff's conviction on one count. Plaintiff has ***no evidence that the nolle prossed counts were adverse***. Her only rejoinder is that GIS's position "lacks all common sense" based on a dictionary definition of "adverse." Opp. Brief at 18. Plaintiff's allegation about what people might commonly believe to be true ("common sense") does not overcome the sworn declaration from the United States Postal Service of what is undisputedly true: that the information was not adverse. *See Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160-61 (11th Cir. 1991) (affirming summary judgment against consumer where CRA produced evidence that report was not the cause of consumer's damages and consumer "utterly failed to

---

[3] Plaintiff repeatedly draws the Court's attention to the idea that her report, which was lengthy, is comprised largely of the *nolle prossed* counts that appeared on her records of conviction. Plaintiff has provided the Court with no support for her speculation that the length and composition of her report created any sort of misapprehension about the nature of her conviction record. To the contrary, it is indisputable that the USPS gave no weight to the *nolle prossed* counts in making its hiring decision. *See* MSJ at 5-6.

3

produce any evidence" in rebuttal aside from "bare allegations"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) ("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."). Plaintiff's unsupported speculation that her *nolle prossed* counts might be adverse in other circumstances is entitled to no weight.

Second, the *nolle prossed* counts are not arrest records. Plaintiff was not arrested eleven times. She was arrested once, and later charged with eleven criminal counts. Plaintiff cites no authority for her supposition that her *nolle prossed* counts are "records of arrest." The fact that she was previously arrested does not turn the later court records into "records of arrest."

Records of arrest are *police records*, maintained by law enforcement, which is true both in Pennsylvania and beyond. *See, e.g.*, *Commonwealth v. Malone*, 244 Pa. Super. 62 (1976) (seeking to expunge "arrest records" maintained by police and noting that *conviction records* are distinct and maintained by courts).[4] By contrast, records of convictions are maintained by court systems about criminal judicial proceedings. Arrest records merely reflect the fact of a detention by law enforcement, which may result in no charges being filed against the detainee.[5] Here, the

---

[4] GIS made the point in its opening brief that Plaintiff's records of conviction are not "records of arrest." *See* MSJ at 7 n.8; *see also Commonwealth v. Armstrong*, 495 Pa. 506, 509 n.3 (1981) (describing records of arrest as "name, photograph, fingerprints, and fact of her arrest from the records kept by the local police department, the Pennsylvania State Police, and the Federal Bureau of Investigation"); *Commonwealth v. Mueller*, 258 Pa. Super. 219, 221-22 (1978) (seeking to expunge arrest records, which were "in the possession of" the police department, the state police, and the FBI); *Wert v. Jennings*, 249 Pa. Super. 467, 470 (1977) (discussing expungement of an arrest record – the "record taken at the time of [the party's] arrest by the State Police"); BLACK'S LAW DICTIONARY 117 (8th ed. 2004) (defining arrest record as either "A form completed by a police officer when a person is arrested" or "A cumulative list of the instances when a person has been arrested."); Cal. Penal Code § 851.8(d) (allowing people who are arrested but not charged to "petition the **law enforcement agency** having jurisdiction over the offense to destroy **its records of the arrest**.") (emphasis added); Ga. Code Ann. § 35-3-37(d)(1) (allowing arrestees to petition law enforcement agencies to expunge "the records of such arrest").

[5] That is, a person could be arrested and questioned by the police but released without charges being filed. That person would have a record of arrest but not a record of conviction.

4

evidence shows that GIS did not report police records: it reported Plaintiff's records of conviction – *i.e.*, the complete record of what happened in the court case where the conviction occurred. *See* MSJ Ex. 4 (attaching Plaintiff's court records at the time of the report).

## II. GIS is Entitled to Summary Judgment Because Its Actions Were Not Willful.

Even if the Court finds that GIS's interpretation of the FCRA was mistaken, it should still grant GIS summary judgment on the claim that GIS willfully violated the FCRA. Perplexingly, Plaintiff's argument on willfulness is to distinguish the facts of the Supreme Court's guiding decision – *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007). That is, Plaintiff argues that *Safeco* is inapplicable because the facts of this case do not mirror the facts of *Safeco*. Opp. Brief at 14-15. Although *Safeco* concerned a particular FCRA provision as applied to insurance companies, its central holding – that a CRA cannot be liable for a willful violation of the FCRA if its interpretation of the FCRA is not objectively unreasonable – has been widely applied to factually-distinct challenges to a CRA's interpretation of its obligations under the FCRA. *See, e.g., Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371 (3d Cir. 2012) (not involving insurance companies or the provisions at issue in *Safeco*); *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241 (3d Cir. 2012) (not involving insurance companies or the provisions at issue in *Safeco*). This is well settled law. Thus, *Safeco* applies. GIS's reporting satisfies the three *Safeco* requirements.

First, § 1681c is less than clear. *See Safeco*, 551 U.S. at 70. It uses the term "records of convictions," without defining it, as a catchall exception to allow CRAs to report types of information that may otherwise be prohibited. Plaintiff contends that the text is clear based on a perceived "distinction" in the statute from the fact that it lists both "records of convictions" and "any other adverse items of information." That distinction is artificial. As explained in GIS's motion, § 1681c disallows the reporting of certain obsolete information *except records of*

5

*conviction*, but does *not* say that the information must be purged when *part of* a reportable record of conviction. The text of § 1681c favors GIS's interpretation; at worst, it is less than completely clear and therefore satisfies the first prong of the *Safeco* test.

Second, GIS's interpretation of § 1681c is reasonable in light of the text and purpose of the FCRA. Plaintiff contends – again, without any authority – that the overall emphasis on completeness in the FCRA does not apply to § 1681c. The relevant test, however, is whether GIS's interpretation was *objectively unreasonable* – even if the Court concludes that GIS was incorrect, the *Safeco* test protects a CRA that makes a good faith interpretation of an unclear statutory provision and has a reasonable basis for doing so.

Furthermore, because the FCRA also contains a provision for criminal liability, *see Hansen v. Morgan*, 582 F.2d 1214, 1216 (8th Cir. 1978), any doubts regarding its interpretation should be decided in GIS's favor under the rule of lenity. *Maracich v. Spears*, No. 12-25, 2013 WL 2922120, at *27 (U.S. June 17, 2013) (Ginsburg, J. dissenting) (gathering cases). The rule of lenity provides that in interpreting a statute with a criminal element, even when considering purely civil provisions, courts should resolve ambiguities in favor of a defendant and should "hesitate to adopt a novel interpretation of a federal statute that subjects parties to crushing liability" where there is no authority on point. *Id.*; *see Bifulco v. United States*, 447 U.S. 381, 387 (1980) (the Court should be hesitant to interpret a statute in a way that penalizes a defendant where the interpretation is based on "no more than a guess as to what Congress intended"). Here, because § 1681c is ambiguous, the Court should resolve that ambiguity in GIS's favor. The Supreme Court's concern with imposing ruinous liability also explains why *Safeco* sets a higher bar to bringing willfulness claims – one that Plaintiff has not surpassed in this case.

US2008 4668885 5

Third, there was (and is) no guidance on this question from the Courts of Appeals or the FTC.[6] Plaintiff focuses on the district court decision in *Serrano v. Sterling Testing Systems, Inc.*, 557 F. Supp. 2d 688 (E.D. Pa. 2008). Her reliance is misplaced. *Serrano* is a district court opinion. *Safeco* asks only whether the Courts of Appeals or FTC have spoken. *Safeco*, 551 U.S. at 70 ("This is not a case in which the business subject to the Act had the benefit of guidance from the courts of appeals or the Federal Trade Commission (FTC) that might have warned it away from the view it took."). In the Third Circuit, district court opinions are insufficient to overcome the third prong of *Safeco*. *Long*, 671 F.3d at 377 ("Although Long argues that there was **district court authority** putting Hilfiger on notice that its interpretation was incorrect, **there was no guidance from the federal courts of appeal on this issue**.") (emphasis added).

Finally, Plaintiff mistakes *Serrano's* substantive import. *Serrano* does not say what is reportable as a record of conviction. *See* MSJ at 17-18. *Serrano* was a decision about whether indicating the *existence* of *arrest* records is tantamount to reporting the records themselves.[7] Because the decision was on a motion to dismiss, it was sufficient to plead that the records whose existence was revealed were obsolete arrest records – a characterization the defendant did not dispute. That decision therefore never addressed the question of what records are reportable.

## CONCLUSION

The Court should grant GIS summary judgment on Plaintiff's §§ 1681c and 1681k claims.

Respectfully submitted this 12th day of July, 2013.

---

[6] Plaintiff asserts that there is guidance from the FTC but cites none. *See* Opp. Brief at 18.

[7] Plaintiff herself recognizes that in *Serrano* the CRA was dealing with records that, in their entirety, "did not lead to convictions." Opp. Brief at 15. That is precisely the opposite of the situation in the case at bar.

7

/s/ Robert E. Campbell

| | |
|---|---|
| Robert E. Campbell | Cindy D. Hanson (admitted *pro hac vice*) |
| WHITE AND WILLIAMS LLP | John P. Jett (admitted *pro hac vice*) |
| LibertyView, Suite 400 | KILPATRICK TOWNSEND & |
| 457 Haddonfield Rd. | STOCKTON LLP |
| Cherry Hill, NJ 08002-2220 | 1100 Peachtree Street, Suite 2800 |
| Telephone: (856) 317-3600 | Atlanta, GA 30309 |
| | Telephone:    (404) 815-6500 |

*Counsel for Defendant General Information Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2013, I electronically filed the foregoing **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record:

Noah Axler
DONOVAN SEARLES, LLC
1845 Walnut St.
Ste 1100
Philadelphia, PA 19103
215-732-6067
Fax: 215-732-8060
Email: naxler@donovansearles.com

James A. Francis
John Soumilas
Erin A. Novak
FRANCIS & MAILMAN, PC
Land Title Bldg 19th Floor
100 S. Broad St.
Philadelphia, PA 19110
215-735-8600
Fax: 215-940-8000
Email: jfrancis@consumerlawfirm.com

Janet F. Ginzberg
Michael G. Hollander
COMMUNITY LEGAL SERVICES
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3794
Email: jginzberg@clsphila.org
Email: mhollander@clsphila.org

Tony West
Maame Ewusi-Mensah Frimpong
Michael S. Blume
Kenneth L. Jost
Gerald C. Kell
U.S. DEPARTMENT OF JUSTICE
P.O. Box. 386
Washington, D.C. 20044
Email: gerald.kell@usdoj.gov

/s/ Robert E. Campbell
Robert E. Campbell

*Counsel for Defendant General Information Services, Inc.*