IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMARA T. KING,<br>ON BEHALF OF HERSELF AND ALL<br>OTHERS SIMILIARLY SITUATED,<br><br>                      Plaintiff,<br><br>   v.<br><br>GENERAL INFORMATION<br>SERVICES, INC.,<br><br>                      Defendant. | CIVIL ACTION NO. 10-6850<br>CLASS ACTION |
| NATALIE DOWELL, ET. AL.,<br>ON BEHALF OF HERSELF AND ALL<br>OTHERS SIMILIARLY SITUATED,<br><br>                      Plaintiff,<br><br>   v.<br><br>GENERAL INFORMATION SERVICES,<br>INC., ET AL.,<br><br>                      Defendants. | CIVIL ACTION NO. 14-3412<br>CLASS ACTION |

**<u>FINAL JUDGMENT AND ORDER OF DISMISSAL</u>**

**Tucker, C.J.**                                                                             **November_4_, 2014**

       This matter, having come before the Court on Plaintiffs Shamara T. King, Natalie Dowell, and Lee Clark's (collectively, the "Class Representatives") Motion for Final Approval of Class Action Settlement (Doc. 118) with Defendant General Information Services, Inc. ("GIS"); the Court having considered the representations and presentations of counsel during the November 3, 2014 fairness hearing, and all other papers and proceedings herein, and having

provisionally certified, by Order entered July 1, 2014 (Doc. 107) a settlement class, and the Court being fully advised in the premises, find that:[1]

This action satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23(a) and (b). The class as defined in the Settlement Agreement (the "Settlement Class") is comprised of 53,705 class members and is so numerous that joinder of all members is not practicable; there are questions of law and fact common to the Settlement Class; the claims of the Class Representatives are typical of the claims of the Settlement Class; and the Class Representatives will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order (Doc. 107), and such Notice by mail has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e) and due process.

Defendant has timely filed notification of this settlement with the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notifications and accompanying materials, and finds that Defendant's notification complies fully with the applicable requirements of CAFA.

The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties after sufficient discovery. The Settlement

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement.

Agreement is supported by the Class Representatives and there have been minimal objections to the settlement by class members.

The settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class members in light of the nine factors described in Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975). The Court's consideration of these factors confirms that approval of the settlement is proper. Specifically, the following eight Girsh factors weigh in favor of approving the settlement:[2]

(1) The complexity, expense and likely duration of the litigation;
(2) The reaction of the class to the settlement;
(3) The stage of the proceedings and the amount of discovery completed;[3]
(4) The risks of establishing liability;
(5) The risks of establishing damages;
(6) The risks of maintaining the class action through the trial;
(7) The range of reasonableness of the settlement fund in light of the best possible recovery; and
(8) The range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

The relief provided under the settlement constitutes fair value given in exchange for the releases of claims against the Released Parties.

The persons listed in Exhibit A hereto, which is being filed under seal, have validly excluded themselves from the Settlement Class in accordance with the provisions of the Preliminary Approval Order.

---

[2] A ninth Girsh factor is the ability of the Defendant to withstand a greater judgment. Girsh, 521 F.2d at 157. The Court finds that this factor is neutral, as GIS's ability to withstand a greater judgment today may be tempered by the possibility that its financial stability may change in the future. See Reibstein v. Rite Aid Corp., 761 F. Supp. 2d 241, 254 (E.D. Pa. 2011) (citing Bonett v. Educ. Debt Servs., No. 01-6528, 2003 WL 21658267, at *7 (E.D. Pa. May 9, 2003) (noting that although defendant "is financially stable today and would most likely be able to withstand a greater judgment than that offered by the proposed settlement, there are no assurances that [defendant] would continue to experience a healthy economic outlook")).

[3] In the King action, the parties agreed to mediation after having completed extensive discovery and fully briefed Rule 12(b) issues, class certification, and summary judgment issues. In the Dowell action, the parties briefed 12(b) motions, but did not complete discovery, as they joined the King settlement before discovery could be completed.

The parties and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

It is in the best interests of the parties and the Settlement Class members and consistent with principles of judicial economy that any dispute between any Settlement Class member (including any dispute as to whether any person is a Settlement Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

Therefore, **IT IS HEREBY ORDERED AND DECREED** that:

This action is finally certified as a class action against General Information Services, Inc. on behalf of a Settlement Class defined as follows:

> All natural persons in the United States subject to a consumer report that General Information Services, Inc. provided directly to a User either (1) for employment purposes, (2) for Eid Passport, or (3) for the United States Postal Inspection Service between November 23, 2008 and January 8, 2014 and that contained Non-Conviction Count Information. Excluded from the Settlement Class are any Released Party, any consumer who has previously released his or her claims against GIS, or the Judge overseeing the litigation.

The Settlement Agreement submitted by the parties, specifically including GIS's agreement to change the practice challenged by the Plaintiffs in this case, is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Class and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

Within ten (10) business days after the entry of this Order, GIS shall transfer to the

Settlement Administrator, by draft or by wire, the sum of $3,200,000.

Upon consideration of Settlement Class Counsel's[4] application for fees and expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

The Court also approves the enhancement awards of ten thousand dollars ($10,000.00) to Plaintiff Shamara T. King and five thousand dollars ($5,000) to Plaintiffs Natalie Dowell and Lee Clark each, in consideration of their efforts on behalf of the Settlement Class and their individual claims against the Defendant.

The King action is **hereby dismissed on the merits, with prejudice and without costs**. Count I of the Dowell action is **hereby dismissed on the merits, with prejudice and without costs**. Count II of the Dowell action is **hereby dismissed on the merits, with prejudice and without costs**, as to Plaintiffs Natalie Dowell and Lee Clark. Count II of the Dowell action is **hereby dismissed without prejudice** as to the Settlement Class Members.

As agreed by the parties in the Settlement Agreement, upon the Effective Date, GIS and its present, former, and future officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, affiliates, subsidiaries, parents, representatives, trustees, principals, insurers, vendors and assigns (collectively the "Released Parties"), shall be released from claims arising under FCRA § 605(a)(2) (15 U.S.C. § 1681c(a)(2)) or under FCRA § 605(a)(5) (15 U.S.C. § 1681c(a)(5)), all claims arising under FCRA State Equivalents comparable to FCRA § 605(a)(2)

---

[4] In its Order dated July 1, 2014, at ¶5, (Doc. 107), the Court certified James A. Francis, David A. Searles, John Soumilas of Francis & Mailman, P.C.; Noah Axler of Donovan Axler, LLC; Janet F. Ginzberg and Michael Hollander of Community Legal Services, Inc.; Devin H. Fok of The Law Offices of Devin H. Fok; and Michael A. Caddell; Cynthia B. Chapman, and Craig C. Marchiando of Caddell & Chapman as counsel for the Settlement Class.

(15 U.S.C. § 1681c(a)(2)) or FCRA § 605(a)(5) (15 U.S.C. § 1681 c(a)(5)) related to any consumer reports prepared by GIS, and all claims alleging that it was misleading or otherwise violated the FCRA or any FCRA State Equivalents to report Non-Conviction Count Information if that reporting, including the Non-Conviction Count Information, was otherwise accurate, complete, and up to date. Class members do not forfeit or release any claim for actual damages that they may have against GIS arising from inaccuracies on their GIS report or from reinvestigation claims they may have against GIS. Nothing contained in this Settlement Agreement releases or affects in any way the currently asserted individual claims or the claims currently asserted on behalf of the classes currently identified in the case of <u>Robinson v. General Information Services Inc.</u>, C.A. No. 11-7782 (E.D. Pa.).

 As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released from any claims that Plaintiff Shamara T. King did assert or could have asserted in the <u>King</u> litigation. As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released from any claims that Plaintiffs Natalie Dowell and Lee Clark did assert or could have asserted in the <u>Dowell</u> litigation.

 Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over GIS, the Plaintiffs, and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action,

arbitration or other proceeding by a Settlement Class member in which the provisions or the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

   The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

              **BY THE COURT:**

              **/s/ Petrese B. Tucker**
              _____
              **Hon. Petrese B. Tucker, U.S.C.J.**